## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JONATHAN BANKS,

                    Petitioner,                        Case Number: 00-74613

v.                                        HONORABLE GERALD E. ROSEN

FABIAN LAVIGNE,

                    Respondent.

_____/

### OPINION AND ORDER DENYING PETITIONER'S
### MOTION FOR CERTIFICATE OF APPEALABILITY

       Petitioner Jonathan Banks filed a *pro se* petition for a writ of habeas corpus.  On

May 13, 2005, the Court issued an opinion and order denying the petition.  Petitioner now

seeks a certificate of appealability for all of the claims presented in his petition.  For the

reasons stated below, Petitioner's Motion for Certificate of Appealability is denied.

       An appeal from the district court's denial of a petition for a writ of habeas corpus

may not be taken unless a certificate of appealability is issued either by a circuit court or

district court judge.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  The court must

either issue a certificate of appealability indicating which issues satisfy the required

showing or provide reasons why such a certificate should not issue.  28 U.S.C. §

2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306,

1307 (6th Cir. 1997).  A district court is to set forth, in its order, all of the issues that the

1

petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal.  Id., 106 F.3d at 1307.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In his first claim for habeas corpus relief, Petitioner alleged that he was entitled to habeas corpus relief because his trial attorney provided ineffective assistance.  Petitioner was represented by counsel during his preliminary examination, but represented himself during trial.  Petitioner alleged that counsel was ineffective before and during the preliminary examination because counsel: (1) did not obtain and review available discovery, including medical records; (2) failed to conduct prompt and meaningful investigation; (3) did not appropriately advise Petitioner on his right to a polygraph examination; (4) did not effectively cross-examine the complainant; (5) asked the trial court to advise complainant of her Fifth Amendment right to be free from compelled self-

2

incrimination; (6) failed to object to the adjournment of the preliminary examination; (7) failed to object to the admission of medical records; (8) failed to file a motion to dismiss; (9) did not object to admission of police officer's hearsay testimony; and (10) did not present evidence which would have negated the assault charge.

The Court held that Petitioner's vague and unsupported complaints regarding his attorney's representation at the preliminary examination failed to establish ineffective assistance of counsel. Petitioner failed to show that counsel's representation was outside the wide range of professionally competent assistance, or that, he was prejudiced by her representation. Strickland v. Washington, 466 U.S. 668, 687 (1984). Therefore, the Court held that the Michigan state court's finding that Petitioner's attorney was not ineffective was not contrary to or an unreasonable application of Supreme Court precedent.

Petitioner next alleged that he was entitled to habeas corpus relief because the prosecutor violated Brady v. Maryland, 373 U.S. 83 (1963), when she failed to inform the defense of the existence of a supplemental police report until trial already had commenced. A prosecutor's failure to disclose evidence constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. However, if previously undisclosed evidence is disclosed during trial, no Brady violation occurs unless the defendant is prejudiced by the late disclosure. U.S. v. Word, 806 F.2d 658, 665 (6th Cir. 1986). Petitioner failed to show that he was prejudiced by the tardy disclosure of the

3

police report.  Therefore, the Court denied habeas relief on this claim.

Finally, Petitioner alleged that he was entitled to habeas corpus relief because his appellate attorney was ineffective in failing to present significant and obvious issues on appeal, failing to move for a new trial in state court or an evidentiary hearing on Petitioner's ineffective assistance of trial counsel claim, failing to challenge the admissibility of an alleged hearsay statement at the preliminary examination, and advising against raising certain claims on appeal.

The Court held that Petitioner's appellate counsel was not ineffective in failing to present the claims presented in his habeas petition because the claims lacked merit. Petitioner also failed to show that his appellate attorney was ineffective in failing to file a motion for new trial on the basis of ineffective assistance of trial counsel or to move for an evidentiary hearing on that basis because his ineffective of trial counsel claims lacked merit.

The Court also denied Petitioner's claim that his appellate attorney should have argued that a police officer was improperly permitted to testify as to the victim's hearsay statement.  The trial court held that the statement was admissible under the excited utterance exception to the hearsay rule, and Petitioner did not establish that this holding was incorrect.  Therefore, the Court held that his attorney was not ineffective in failing to raise this claim on appeal.

The Court finds that jurists of reason would not find the Court's assessment of the foregoing claims to be debatable or wrong.  *See* Slack, 120 S. Ct. at 1604.  Therefore,

4

Petitioner has failed to show that he is entitled to a certificate of appealability.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.


  s/Gerald E. Rosen
GERALD E. ROSEN
UNITED STATES DISTRICT JUDGE

Dated:    9/2/05